IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA LIPPOLDT, individually,
OPERATION SAVE AMERICA, an
unincorporated association, and PHILLIP
BENHAM, individually,

        Plaintiffs,

vs.

DEPUTY CHIEF STEPHEN COLE, in his
official and individual capacity as an
agent/employee of CITY OF WICHITA,
KANSAS, a political subdivision of the State
of Kansas, BETH HARLENSKE, in her
official and individual capacity as an
agent/employee of CITY OF WICHITA,
KANSAS, a political subdivision of the state
of Kansas,

        Defendants.

Case No. 01-1226-JTM

MEMORANDUM AND ORDER

The present matter arises on plaintiffs' motion for attorneys' fees and costs (Dkt. No. 166) following the Tenth Circuit Court of Appeals' January 5, 2007 order finding that plaintiffs were entitled to an award of appellate attorneys' fees and costs because the plaintiffs were prevailing parties under 42 U.S.C. § 1988. For the following reasons, the court grants plaintiffs' motion.

Pursuant to 42 U.S.C. § 1988, the plaintiffs seek attorneys' fees and costs including counsels' time and costs and the costs for expert witnesses. Under 42 U.S.C. § 1988, attorney

expenses are fully compensable. *See Daly v. Hill*, 790 F.2d 1071, 1083-84 (4th Cir. 1986); *Jane L. v. Bangerter*, 61 F.3d 1505, 1517-18 (10th Cir. 1995) (holding that expenses not absorbed as part of the law firm's overhead but normally billed to a private client and which are reasonable are compensable under § 1988); *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997) (awarding fees for photocopying, mileage, meals, and postage). The calculation of the reasonable attorney fees is a two-step process, which involves first calculating the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Then, the court determines whether to enhance the lodestar figure based on an evaluation of the *Kerr* factors that are not contained in the lodestar calculation. *Fischer v. SJB-P.D.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Under *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the twelve factors which justify enhancement include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

      The Tenth Circuit affirmed this court's decision that held the reasonable rate to be $165.00 per hour for Nelson; $135.00 per hour for McKinney; and $35.00 per hour for the student researchers. *Lippoldt v. Cole*, 468 F.3d 1204, 1225-26 (10th Cir. 2006). Before the court proceeds to the calculation, plaintiffs argue for a positive adjustment of the rate due to a delay in

payment.  As plaintiffs note, in *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288-89 (1988), the Court approved the enhancement of fees to compensate attorneys for delay in payment. However, the party moving for attorney fees "bears the burden of . . . documenting the appropriate hours expended and the hourly rate."  *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998).  Beyond what is recognized in the Tenth Circuit's decision as a reasonable rate, plaintiffs have not submitted the appropriate upward adjustment.  The plaintiffs only note: "Since 2004 (when the rates were stated by Defendants' expert at $165.00), rates for similar counsel have likewise increased."  Plaintiffs' Briefing on Attorneys' Fees and Costs (Dkt. No. 166), at pg. 13.  Therefore, the court will award plaintiffs $56,086.22 in fees and costs.  The plaintiffs further note the request for fees and costs does not include plaintiffs' time and costs after March 6, 2007, for the time required to respond to defendants' briefing.  At the time plaintiffs filed the present motion, plaintiffs' counsel estimated that 35 hours would be expended to review and research defendants' opposition, prepare for the hearing on attorneys' fees and costs, and coordinate and prepare plaintiffs' experts.  The court grants the plaintiffs fees and costs in the amount of $56,086.22.  However, the plaintiffs are further directed to file a supplement within thirty (30) calendar days from this order which outlines the specific costs expended after March 6, 2007, in addition to the appropriate upward adjustment requested.

IT IS ACCORDINGLY ORDERED this 14th day of August, 2007, that plaintiffs' motion (Dkt. No. 166) is granted.  Plaintiffs are awarded fees and costs in the amount of $56,086.22.  IT IS FURTHER ORDERED that plaintiffs are directed to file a supplemental brief within thirty

(30) calendar days from this order which outlines the amount of time expended after March 6, 2007, as well as the appropriate upward adjustment.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE